MANUEL DÍAZ BENABE, ET AL., Plaintiffs and Appellees, *v.* JOSÉ RODRÍGUEZ LÓPEZ and JUAN VEGA OSORIO, Defendants and the former Appellant.

No. 9676. Argued January 10, 1949.—Decided January 31, 1949.

*Arcilio Alvarado* for appellant. *J. Nevares Santiago* for appellees.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

A truck belonging to José Rodríguez López and driven by his employee Juan Vega Osorio, collided with an automobile driven by its owner Manuel Díaz Benabe, who was accompanied by Jorge Luis Betancourt. As a result of the accident, the automobile was totally destroyed and Manuel Díaz Benabe and Jorge Luis Betancourt received personal injuries. The latter brought an action against the former for the recovery of damages. They based their action on that the proximate cause of the accident was the negligence of the driver of the truck who, at that time, according to them, was acting within the scope of his duties as employee of José Rodríguez López. The lower court rendered judgment for plaintiffs and against both defendants. The owner of the truck has taken the present appeal.

Pursuant to the findings of the court, the appellant was in the business of driving wells and used the truck to supply the material needed for his work.

That the proximate cause of the accident was the negligence of the driver of the truck is not questioned, but appellant denies his liability for the damages claimed.

We shall first examine the provisions of the Civil Code with respect to the liability of owners of enterprises for the fault or negligence of his employees, and in consonance with said provisions we shall then decide whether the judgment is supported by the evidence.

Section 1803 of the Civil Code, in its pertinent part, provides: [1]

"The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

" . . . . . . . .

" . . . . . . . .

---

[1] This Section was amended by Act No. 120 of May 12, 1943 (Sess. Laws, p. 372) but the amendment did not change the foregoing paragraph.

"Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties. . . ."

We shall now turn to the facts of the case. At the time of the accident appellant was driving a well in Fajardo for which he employed three workmen who resided in Caguas and Santurce, one of whom was driving the truck when the accident took place. After the work was done on that day appellant lent the truck to the three workmen in order to go to their respective homes. Only on that and on a previous occasion, when appellant's son took the workmen to their homes, had the truck been used for that purpose, inasmuch as appellant was not bound under the contract to give his workmen transportation.

On the strength of these facts it can not be concluded that the workman who drove the truck was acting within the scope of his employment. We have laid stress on the fact that the employer had not assumed, either expressly or impliedly, the obligation to furnish means of transportation to his workmen, because in that event, if at the time of the accident the truck was being used for that purpose, it would be conclusive that the driver of the vehicle was using it for the enterprise and within the scope of his employment.

For the reasons stated, insofar as appellant is concerned, the judgment should be reversed and the complaint dismissed, with costs on the plaintiffs.